UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CEDRIC PRYOR, | ) |
| Petitioner, | ) ) ) |
| v. | ) Civil Action No. 14-10181-LTS |
| J. GRONDOLSKY, Warden, | ) ) ) |
| Respondent. | ) ) |

ORDER ON PETITIONER'S MOTION FOR RECONSIDERATION (DOC. NO. 21-1)

March 19, 2015

SOROKIN, J.

On January 23, 2014, Cedric Pryor, an inmate at FMC Devens in Ayer, Massachusetts, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. No. 1. The respondent opposed the petition on May 9, 2014, and asked the Court to dismiss it. Doc. No. 14. The Court ordered Pryor to answer the respondent's submission within twenty-one days. Doc. No. 16. After receiving no response from Pryor, the Court issued an order on June 19, 2014 requiring Pryor to show cause why his petition should not be dismissed for failure to prosecute the action and comply with the Court's previous order. Doc. No. 17. The deadline for Pryor's show-cause response was July 3, 2014. Id. at 2. The action was dismissed on July 21, 2014 because the Court still had received no answer from Pryor to the respondent's brief or to its prior two orders. Doc. No. 19.

Presumably after receiving the order dismissing his petition, Pryor placed a telephone call to the Court's Deputy Clerk on July 28, 2014. Pryor stated that he had placed responses to the

Court's orders in the prison's mail, and that those responses apparently were not reaching the Court. He explained he was about to send a motion for reconsideration to the Court via certified mail, but expressed concern that it would not reach its destination. A few weeks later, Pryor called again and learned that his motion had not reached the Court. The Deputy Clerk then mailed him self-addressed certified mail envelopes in an effort to ensure his submissions would be received.

Finally, on September 3, 2014, the Court received a set of documents from Pryor. His submission included a motion for reconsideration dated July 28, 2014 (Doc. No. 21-1); an "Outgoing Special Mail Receipt" from the prison dated May 19, 2014 and a related U.S. Postal Service Certified Mail Receipt, both reflecting a mailing by Pryor addressed to "United States Attorney's Office, District of Massachusetts, John J. Moakley Courthouse, Suite 9200, 1 Courthouse Way, Boston, MA 02210" (Doc. No. 21-2); and a submission entitled "Showing Cause" accompanied by a "Motion for Discovery" dated June 25, 2014 (Doc. Nos. 21, 21-3). The respondent has not answered this submission.

In light of Pryor's documentation showing his efforts to respond to the Court's earlier orders, his motion for reconsideration is ALLOWED.[1] Upon reviewing the merits of the parties' submissions, however, the Court concludes that dismissal remains appropriate – this time, on the merits of the claim included in the petition.

---

[1] The Court notes that Pryor's first submission might not have reached its proper destination because Pryor addressed it to the U.S. Attorney's Office. Although that office is located within the Courthouse, it has its own suite and a separate system for handling its mail. Pleadings intended for filing with the Court must be sent to the Court directly or to the Court Clerk's office. Perhaps Pryor made the same error in addressing his second submission – no mailing information for that item has been provided. In any event, the Court is satisfied that Pryor made efforts to comply with its previous orders, notwithstanding his mistake in addressing his mail. Thus, dismissal for failure to prosecute is not warranted.

Pryor's petition asserts a single claim: a due process violation related to the prison's handling of a disciplinary charge against Pryor. On December 9, 2012, while an inmate at a minimum security federal prison in Pensacola, Florida, Pryor was charged in a prison incident report for "[e]ngaging in a sexual act" with a female visitor. Doc. No. 1 at 6.[2] The charge was investigated, approved, and forwarded for a Unit Disciplinary Committee Hearing and, ultimately, a hearing before the Discipline Hearing Officer ("DHO"). Id.; see Doc. No. 15 ¶¶ 5-7. Pryor was notified of the DHO hearing and advised of his rights, which included the right to have a staff representative present, to present witness testimony, and to submit other evidence; he availed himself of those rights, requesting testimony by a particular corrections officer, asking that security tapes of the visiting area at the time of the incident be reviewed as evidence, and making a statement on his own behalf. Doc. No. 15 ¶¶ 8-9.

The DHO considered Pryor's statement (essentially denying the charge), a written statement by the officer identified by Pryor, the incident report written by an officer who observed the infraction, a written statement by another officer who also witnessed the relevant conduct, and a statement by an officer who watched the security footage and determined that no cameras had recorded the part of the visitation area where the incident occurred. Id. ¶ 9. Based on that collection of evidence, the DHO upheld the disciplinary charge and sanctioned Pryor to a loss of twenty-seven days of good conduct time and a year without visiting privileges. Id. ¶ 10. Pryor exhausted his administrative appeals, which were unsuccessful. Id. ¶ 11 & n.4.

In his habeas petition, Pryor essentially challenges the evidence supporting the DHO's decision. See Doc. No. 1 at 4 (disputing the physical setting of the events and the feasibility of

---

[2] Citations are to documents appearing on the Court's electronic docket, and page cites are to the page numbers assigned by that system and printed at the top of each page.

the alleged conduct). He seeks reversal of the DHO's decision, reinstatement of his good time, and "a transfer back to a minimum security institution in [his] region." Id. at 5. In response to the Court's orders, and in lieu of an answer to the respondent's submission, Pryor filed a motion seeking discovery in support of his petition. See Doc. No. 21-3 (requesting a "complete color layout copy of the entire outside visitation yard including the location of all cameras," and copies of security videos from the day in question).

As the respondent concedes, federal prison inmates have a protected liberty interest in good time credits. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 447 (1985); Cavounis v. Grondolsky, No. 13-11310-FDS, 2014 WL 347622, at *2 (D. Mass. Jan. 29, 2014). It follows, then, that "findings of a prison disciplinary board that result in the loss of good time credits must be supported by . . . some evidence in the record." Hill, 472 U.S. at 453-54. This standard is not a demanding one. Also, to satisfy the Due Process Clause in prison disciplinary proceedings where good time credits are at stake, an inmate must be given: "advance written notice" of the charge against him; an opportunity, if possible, "to call witnesses and present documentary evidence in his defense"; and "a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Id. at 454; accord Cavounis, 2014 WL 347622, at *2.

Pryor's petition demonstrates that these minimum standards were satisfied here. His submissions acknowledge that he received notice of the charge, an opportunity to dispute it, and a written decision from the DHO. See Doc. No. 1 at 6-9; see also Doc. No. 15-1 at 6-8. Pryor also concedes that there was evidence to support the DHO's decision, but argues that other facts should have undermined that evidence and led to a different result. See, e.g., Doc. No. 1 at 4-5 (acknowledging prison officers made statements against him to support the incident report); Doc. No. 21-3 (suggesting video footage might contradict certain portions the officers' statements).

The limited nature of habeas review does not empower a federal district court to perform a de novo review of the merits of routine prison disciplinary determinations, as Pryor asks this Court to do. Rather, the role of a federal habeas court is to ensure that federal constitutional guarantees of due process are observed in the proceedings related to such determinations. Nothing in the record supports a claim that those constitutional guarantees were ignored here, and none of the discovery sought by Pryor would alter that conclusion.

Accordingly, Pryor's petition is hereby DISMISSED and this case is CLOSED.

SO ORDERED.

  /s/ Leo T. Sorokin                .
Leo T. Sorokin
U.S. District Judge